Good to have you with us, Mr. Howard. Thank you, sir. It's a pleasure to be here. Um, Judge King, Josh Rushing, and Josh Harris, may it please the court, the appellants come before you, um, seeking a ruling that the district court erred in withholding a finding of civil contempt against the Virginia Department of Corrections for its substantial failure to meet obligations it voluntarily assumed under a settlement agreement requiring the department to significantly improve the quality and quantity of medical care provided to prisoners incarcerated at the Flavana Correctional Center for Women. Although the district court was persuaded that the appellants had satisfied the elements, um, uh, by clear and convincing evidence necessary to the court, um, held that it was bound by decisions previously rendered by this court, holding that compliance with, um, the requirements of Rule 65D of the federal rules of civil procedure, um, is mandatory and that the final order, uh, that referenced, but did not, um, incorporate all of the terms and conditions of the settlement agreement, um, was inadequate to satisfy the requirements of Rule 65D, um, there is no question here that the final order did not, in fact, um, satisfy the requirements of Rule 65D, which, um, contemplates that a injunctive order, um, that all of its terms and conditions will, in effect, be reflected on the face of the document that also constitutes the order, um, pursuant to which that injunctive order becomes legally effective. Um, we nevertheless contend, um, for a number of reasons that the, um, the court should have, um, ordered the, uh, should have found civil contempt on the basis of the evidence establishing its violations of the settlement agreement, um, and that it is not precluded by this court's prior precedent from doing so. We, we- Counselor, it's Judge Harris. Can I just ask you a question? If we were to agree, um, what would happen when this case goes back? Why does this still matter? Because as I understand it, the district court, um, ultimately entered a new injunction, um, and I guess can enforce this one by civil contempt. What, tell me what it is you're, you want to do. Assume we send this back to the district court and say, you were wrong. The 65, um, objection was forfeitable. So now what, what happens now? Yes, Your Honor. So the settlement agreement contemplates, um, a sequence of events pursuant to which the VDOC will bring itself into compliance with the, the agreement's terms, and that as confirmed by the monitoring of a appointed monitor, um, that once compliance has fully been achieved, that the, um, uh, for a year after it has, after it has been reached, that the settlement agreement will go out of effect. Where we are is that, um, the VDOC continues to try to affect full compliance, uh, with the settlement agreement. And so although the district court did enter a separate and new injunctive order with respect to those elements of the settlement agreement that it found, uh, had been violated, those are a small subset of the total number of obligations that VDOC assumed under the settlement agreement. So if the court were to determine that VDOC's opportunity to rely on strict compliance with Rule 65D had been forfeited or waived, then in the future, we would have, we, the appellants would have the opportunity if and when necessary to assert noncompliance and to seek a ruling with regard to civil contempt that as of now we are barred from seeking. Why couldn't you do that as to the new injunction? You could ask for contempt of the new injunction, couldn't you? Uh, yes, Judge King, we could, but the new injunction is merely a reflection of the district court's determination after the one week trial in the enforcement phase that certain aspects... It sounds to me like you, yeah, I thought you, uh, I thought you won here. And it seemed to me like reading this, we had a loser, we had a winner appealing and losers are the ones that appeal. Yeah, I thought you won the thing. He got another injunction. And you... Well, Your Honor, we, we won and we didn't win because... Right, to win and write the thing up as well, but the judge gets to write it up. Uh, he ruled in your favor, I thought. Uh, he, Judge Moon certainly ruled in our favor with regard to certain aspects of our, our claims in the enforcement phase, Your Honor, but that injunctive order is not comprehensive to the same extent as the full settlement agreement. And the parties agreed in reaching the settlement agreement that all aspects of the obligations assumed by VDOC, um, would be enforced and they would be enforced by way of, uh, contempt proceedings if they fail to honor their obligations. And so there are obligations in the settlement agreement that are outside the scope of the injunction that was entered after the enforcement proceeding. Counsel, if Judge Harris, just to clarify that point, I, I would have, I thought that the ones the judge put in the new injunction were the ones where VDOC was out of compliance. And so I had kind of assumed that the ones he didn't put in to the new injunction were ones where VDOC in fact was in compliance. So, so why doesn't that kind of take care of the problem? It doesn't take care of the problem, Your Honor, because, um, essentially at the enforcement phase, at the stage at which we, um, um, went through the enforcement phase trial, that's effectively a snapshot, a, a, a point in time, uh, at which the court, um, concluded that not, there were not, there was noncompliance in certain respects and that there was compliance in some respects and that there, and according to the compliance monitor, there was partial compliance in some respects. Um, so the fact that as of the date of Judge Moon's, uh, ruling, uh, his findings affecting conclusions of law on the basis of the evidence produced or presented, um, during the enforcement phase trial, that as of January of 2019, um, that he was not persuaded as to certain aspects of the things that we said they were not in compliance about, that doesn't mean that the next day they weren't out of compliance. Okay. I got it. Um, in any event, um, it, it is our position that the appellees failed to comply with Rule 65D in a timely manner, that this court's decisions holding that compliance with Rule 65D is mandatory are distinguishable, and that the policies of due process and fair notice underlying the requirements of Rule 65D and supporting its strict enforcement would not be offended or contravened by a ruling of waiver or forfeiture here because of the full and complete and comprehensive involvement of EDOC in negotiating and implementing the settlement agreement such that they were well aware of what their obligations were and the fact that those obligations were enforceable by way of contempt. That being true, it's our position that if they felt that the failure of the final order to strictly comply with Rule 65D was a problem, they could have, and arguably should have, brought a direct appeal from the entry of that final order. They did not do so. Counsel, what do you mean by arguably? I mean, is it your position that, um, EDOC forfeited this argument in 2016 when it didn't appeal the order? We certainly think, Your Honor, that under the analysis adopted by the courts in the decisions we've cited in our, uh, opening brief, um, I believe at pages 22 and 23 and maybe 25 and 26, holding that where a party, uh, has a problem with, um, a failure of a court's order to comply with 65D, um, it should be brought in the context of a direct appeal and they did not do that. So that's a yes. So that's your position. That's, that's a yes. The district court identified sort of two different times when in the district court's view, and I don't want to say it was a holding because he also thought it had been, didn't think you could, you could forfeit, but he sort of, the forfeitable, it had been forfeited twice. Once when no direct appeal was taken and then also for failure to raise it timely in the contempt proceedings. And so I just wanted to get from you. Do you think, um, are you, do you think both of those are rights that you really have to raise it on appeal, um, not just in a timely way in the contempt proceedings themselves? Uh, we do, Your Honor. Um, we believe that the case law supports the proposition that in the absence of a direct appeal challenging, um, the deficiency of an order on 65D grounds, that, that, uh, that argument is waived and may not be brought in the context of a collateral attack. Um, we also agree that as a matter of fact, um, that there were numerous instances in which the defendants could have raised 65D, um, prior to the time that they did, and they failed to do so in every instance until their post-trial brief following the enforcement phase trial. Counselor? They have, I'm sorry. Yes. This is Beth Rushing. Um, why does rule 65 apply at all to the February 5th order approving the settlement agreement? It applies, Your Honor. I'm sorry, go ahead. It doesn't appear to me to compel anything. Um, the order approved the settlement, awards attorney fees, um, and doesn't appear to compel anything. Your Honor, the settlement agreement is in the nature of an injunctive order. Um, and I believe that the appellees have conceded that fact in their post-trial brief, um, it clearly imposes numerous affirmative obligations that the, uh, VDOC was obligated to meet and the final order itself, while not, um, setting forth the terms and conditions of the settlement agreement, or even incorporating them by reference, um, nevertheless reflects that the settlement agreement is, um, implement is decreed implemented. Um, and therefore, um, in the absence of a conclusion that the settlement agreement was in fact, in the nature of an injunctive order, 65D wouldn't apply at all, um, right? Well, that's, that's the difference, right? That's the difference between a settlement agreement where the parties come to an agreement that they're both going to do certain things. That's the difference between that and an injunctive order and injunctive orders where the judge orders someone to do certain things. And it doesn't look to me like the February 5th, 2016 order is an injunctive order. Your honor, we certainly believe that, um, the settlement agreement was intended to and perceived by both parties to contemplate, um, injunctive relief and that, um, does it, does it say that the settlement agreement say it's going to be that it is an injunction? The settlement agreement is, is, is not itself characterized as an injunct, as an injunctive order, your honor. Yeah, but 65D as Judge Rushing says, deals with the scope of every injunction and restraining order, but it's not a restraining order. A restraining order is a, is an interim thing under rule 65, uh, you got it. I think you're stuck with whether it's an injunction or not. Uh, and it doesn't, and it doesn't call itself an injunction and the order that approved it, didn't call it an injunction. Did it? It did not, your honor. Okay. Well, if it's not an injunction, where does that leave this thing? It's a little hard to tell your honor. If it's not an injunction, are you out of court? If it's, if it's not an injunction, we're not out of court. Certainly. I think there's no challenge to the proposition that the district court was entitled to enforce the settlement agreement as a contract, even if it did not, um, have the power to enforce it by way of civil contempt. Um, You mature back to where I was to begin with you. I thought you won. Well, your honor, he did, um, but he did not, he did not rule with regard to the remedy that, that was the premise upon which we brought the motion for order to show costs. Counselor, can I ask you this? I know the settlement order doesn't say it's an injunction. Does the settlement order say that it's an injunction? Does the settlement order expressly say that it provide, it will be enforced by contempt? It does your honor. Settlement order says that? I thought an injunction. Where does it say that? Sorry. Counsel, could you point me to where it says that? Yes, ma'am. Uh, I'm, I'm finding it. Bear with me for half a sec. Sorry, your honor, I believe it's section, I believe it's section four of the settlement agreement, um, or section five. I'm sorry. That's not the, that's the settlement agreement. That's not the court's order. Oh, I'm sorry. I thought that you had asked me about the settlement agreement. No, I had asked about the settlement agreement. That's how this got confused. I just wanted to have the settlement agreement for that. Yeah. So the settlement agreement provides that it's going to be enforced by contempt. Yes, your honor. I, I, okay. And then it sort of seems like maybe the parties thought this was going to be an injunction because that's, but maybe it wasn't. Is that what's going on here? Your honor, I think it could be, um, I think on the basis of the record, it could be construed that both sides believed that, um, this was in the nature of an injunctive order and that it would be enforced by contempt and that the final order makes reference to preservation of the court's, district court's jurisdiction for purposes of enforcing the agreement in accordance with its terms, which of course contemplated contempt. But the judge who had signed the order, that is Judge Moon in this case, would understand the order necessarily better than three appellate judges. Which is his order. That's correct, your honor. And I, and I don't think that. And you want us to say that he didn't understand his order? No, sir. And that we understand it better than he did. No, sir. Um, that's not our position at all. Our position is that he well understood, um, what the, uh, provisions of the settlement agreement contemplated and what he meant when he signed the final order saying that he was retaining jurisdiction for purposes of enforcing the agreement in accordance with its terms. He did not rule that he was not empowered to grant an order of civil contempt because he didn't think that the settlement agreement contemplated that. He ruled strictly on the basis of the fact that he felt that there was binding precedent in this court saying that Rule 65D compliance is mandatory and without exception. Counselor Judge Harris, he also said, and he also said twice that this wasn't a consent decree. And that made me think he thought this wasn't an injunction because I think a consent decree is just a settlement plus an injunction. And if he's saying it's not a consent decree, doesn't that, doesn't that mean that actually he does not understand this order to be an injunction? Uh, I don't believe so, your honor. I believe that he was really, um, referencing the fact that consent decrees do involve certain magic words and that this settlement agreement did not contain those magic words. Mr. Hired. I think you, your time's expired. I'm well over my time. Thank you, your honor. Okay. But, and, um, but you, you, you have some rebuttal time as well, but let's see what Mr. Schnetzler, Mr. Schnetzler, are you going to explain this to us? Yes, your honor. Thank you. May it please the court. Uh, Nathan Schnetzler on behalf of the appellees that, uh, I'll refer to as the VDOC as, um, was they were referred to during the opening argument. Um, Judge King, Judge Harris, Judge Rushing. Uh, I think you all hit the nail on the head from the get-go during the opening argument and the fact that this was in no way, shape or form an injunction, the 2016 final judgment. But you, you're the one who went to court and said, this isn't the nature of an injunction and it violates rule 65 D, which governs injunction. So when did you have this epiphany? Uh, your honor, the, the, the VDOC raised the issue of whether or not this was an enforceable or through contempt, uh, in their response to the motion to show cause, um, obviously the, the, you know, motion to show cause for contempt is, is not in the nature of an independent cause of action where, uh, for instance, rule eight or rule 12 would apply where a party needs to assert, um, or file a response of pleading. Um, and so the only response that, um, the VDOC was permitted to submit was it's motion to dismiss where it did raise the question of whether or not this was, um, an enforceable decree from the court that would be, uh, enforceable through the court's, um, contempt authority. But you took the position it was a, it was an injunction and they'd failed to comply with rule 65 D. Is that right? No, your honor. We took the position that this was not an injunction because it did not comply with rule 65 D. Uh, we took the- The nature of an injunction, which is why it had to comply with rule 65 D in the first place. I know it's a little circular, but- Your honor, we, um, we stated in a post-trial brief that the, uh, parameters set forth in the settlement agreement are injunctive in nature. We never conceded that the settlement agreement itself was, was an injunction. Um, mainly in the sense that, um, the settlement agreement only, uh, applies and only, um, assesses perspective relief, equitable relief. There was no sort of monetary aspect to the settlement agreement. Uh, we certainly did not concede it was an injunction because again, it, it didn't, the, the court's order is the only, uh, aspect of what can actually make an injunction. The, the parties cannot confer, uh, contempt authority on the court unless the court speaks through its order and specifically compels, uh, a party to do something through its order. Which this, the order approving the settlement agreement in this case, which was an order pursuant to rule 23, because this was a class action. The parties couldn't, uh, engage in a private settlement agreement and walk away from the case. The court had to approve that the, uh, settlement agreement was fair and adequate and reasonable, uh, to the class. And so that's what this order was. This was a, a rule 23 class action settlement agreement approval order. The court never did any analysis with respect to whether or not it was appropriate to issue an injunction. As of course, the court's well aware there are, you know, several factors that the district court needs to assess before it can even issue an injunction. Um, and the court never did any of that analysis when it issued its findings of facts and conclusions of law in 2016. So this was purely, uh, a rule 23 settlement approval. Um, and the court's order is very clear. And I think it was, um, I can't remember if it was Judge Harris or Judge Rushing commented that the court did twice make clear that the 2016 final order was not a consent decree. And the court was clear in its opinions on the motion to reconsider and, uh, in its findings of facts and conclusions in law after the enforcement proceeding that this wasn't an, a consent decree is both an injunction and a settlement agreement, and the 2016 order was not that. Um, and it's really clear from the face of the order, um, that it isn't because the, the judgment order from 2016, it doesn't reference a single term of the settlement agreement. It doesn't reference the settlement agreement's docket entry. It didn't attach a copy of the settlement agreement. It didn't incorporate any language by reference, um, as Judge Rushing pointed out, that the 2016 order didn't direct BDOC to do anything. It didn't compel BDOC to do anything. And even, um, as we've, uh, discussed in our brief, um, as the court did in the D. Patrick case out of the seventh circuit, Judge Moon's, um, 2016 order didn't even state that it was retaining jurisdiction to enforce the settlement agreement through contempt. It said it was retaining jurisdiction to enforce the settlement agreement, but it did not include the language in the order that it was, uh, retaining jurisdiction to enforce it through contempt. Um, and so there are a whole host of reasons that this never even was intended by the district court, and we believe the district court disclaimed twice that this, that the 2016 order was an injunction that would be enforceable through contempt. Um, and your honors, as we noted on brief, um, Judge Posner was, um, clear in the Chicago Northwest case out of the seventh circuit that district courts have a duty to assure that their injunctions are proper. Uh, and we think that it's clear that as Judge King referenced, Judge Moon understood his order better than any of us. It came from his chambers. But counsel, counsel, it's Judge Harris again. I'm sorry to interrupt. So I, I, I find this case sort of genuine, genuinely baffling because yes, the district court would understand the order best. And on the one hand, the district court appears not to have thought it was an injunction. But on the other hand, district court sure spent a lot of time discussing whether or not a rule 65 D objection could be forfeited, which would all be irrelevant if this isn't an injunction. Why didn't he just say, I don't know what you people are talking about rule 65, this isn't an injunction. And I'm not sure either, your honor, other than that, the, uh, you know, plaintiffs obviously in their post-trial response brief to the VDSC's brief, um, did, uh, contend that the, that VDSC forfeited, waived or forfeited this argument, um, that the 2016. I mean, again, because you raised the art, you came into court and said this doesn't comply with the rule for injunction. They said you forfeited that objection and the district court did not say this is all beside the point because there's no injunction, the district court went through an elaborate analysis about whether or not a rule that applies only to objection to an injunction could be forfeited. So I am left really at sea as to what the district court intended here. And I guess, what, what would you say, what would you advise me is the most important thing I should look at to figure out what the district court's office order was? I think the most important thing, um, that what the district court thought this was, was that it did not qualify as an injunction under rule 65 D, um, as it, as it held, um, because... But you didn't ask him to make such a finding, did you? Well, we, we asked the court to conclude that it couldn't... No, answer my question first, did you ever specifically say, Judge Moon, this is not an injunction, you need to find it's not an injunction, and, and rule 65 D, rule 65 has no application to it, to anything we're doing. Judge King, we framed it as, uh, I don't think exactly... Did you ever... We asked that, we, we asked the court to decide that this was not an injunction because it did not comply with federal rule of civil procedure 65. Right. But, so this just seems a little bit circular. If your answer is, if an injunction violates rule 65 D, that's how you know it's not an injunction, is that... No, Judge Harris, it's, it's more that if an order doesn't comply with rule 65 D, um, it does not qualify as an injunctive order, if that clarifies. Okay. So the thing that makes this not an injunction is, is that it violates rule 65. So if we think that the district court was wrong and you can forfeit a rule 65 objection, then is there an injunction again? Because now rule 65 and the violation of rule 65 is off the table. So now is it an injunction? Let me ask it to you this way. What if it was the exact same order, but it said I'm retaining jurisdiction to enforce the settlement, which requires that VDOC and then cut and pasted the settlement agreement right into there. Now, is it an injunction? Because now it complies with rule 65, if it is an injunction. Correct, Your Honor. And that's absolutely correct. It would be an injunction under those circumstances that it would. Okay. Even though it wasn't called an injunction. Okay. Okay. So the thing that makes this in your view, not an injunction is pure and simple, the rule 65 error. And if that were cured, it would be an injunction. Okay. Yes, Your Honor. The order would be an injunction if it complied with the requirements of rule 65 and this court's interpretation of rule 65 D, you know, requiring strict adherence to that the court must specifically state what it is enjoining the party from or to do in its order. Correct. All right. And then let me just one last question and I'll, and I'll stop. Assuming hypothetically, and I know you disagree with it, but assuming hypothetically that a rule 65 objection can be forfeited and was forfeited here, that makes it an injunction, right? No, Your Honor. It doesn't make it an injunction any more than if a party fails to raise a statute of limitations defense, um, means a case was brought timely. It just means that that defense is, it can't be a bar to the claim. Well, I don't, um, it's the rule 65 error that makes it not an injunction. And even if the rule 65 error is forfeited, it's still not an injunction. Correct, Your Honor. Just like I said, just, just as if a party fails to assert an affirmative defense, it doesn't mean that that, um, that defense doesn't, would, it would not, it would just, the party has precluded from arguing that it doesn't comply with the statute, with the, with the rule, um, and raising that argument, just like as if we had never raised it until, um, on appeal in the first instance, but I think that's why the fourth circuit has interpreted the rule so strictly is because of what we're wrestling with this afternoon is that rule 65 D is very clear in what it requires for an order to be considered a proper injunction and, and this order did not, did not qualify. Um, so Your Honor, moving forward, um, I know that, so since we've been talking about the issue of whether or not, um, there was forfeiture or whether or not it can be waived again, as we stated earlier, um, the, the district court, we believe sort of, uh, took a mistaken approach in, in suggesting that the appeal should have been rate or an appeal should have been noted back in 2016 because again, that the only issue before the court in 2016 was whether the class action settlement should be approved or not. Um, and we thought we believe that the D. Patrick case versus Ford Motor Company, uh, really shows this premise applies because, uh, in, in the D. Patrick case, there was a settlement agreement. The parties there stipulated that the court would retain jurisdiction to enforce it through contempt. Um, the district court's order in that case said that it was, uh, retaining jurisdiction for the purposes of the enforcement of the settlement agreement and subject to the contempt powers of that court. And there was no appeal initially when the district court entered that order dismissing the case of prejudice. And 12 years later, contempt proceedings were brought for a purported violation of that settlement agreement. There was no issue as to whether or not that there was, uh, uh, neither the parties nor the court raised a question as to whether or not, um, the purported contender should have appealed the original order 12 years prior for not complying with Rule 65 D. The court concluded there that it was not an actual injunction because it did not contain the actual language compelling the parties to actually do something to refrain from doing something. Uh, and contrary to what the, uh, appellants have contended on brief in the reply brief, the Seventh Circuit has not abandoned that position. Um, and so it's essentially that the litigants don't get to confer contempt power on a federal district judge over private agreements. It's the district judge who has the authority to enforce his orders so long as they comply, um, in terms of an injunction so long as they comply with Rule 65 D. Um, and your honors, the Fourth Circuit again, as we've noted on brief has has a time and time again taken a strict compliance view, uh, in all the way going back to Alberti to Thomas versus Brock CPC International and in past reverses Delia. Um, the court's been unwavering. The Rule 65 D's requirements are mandatory. Um, this this order did not comply. Um, and even if the court were to consider overturning its prior precedent, the circumstances here do not warn it because the question of whether or not video C forfeited this argument or this objection. However, we want to phrase it doesn't hold water based according to the how the district court and the again, as I noted earlier, this isn't a typical independent cause of action where a party is asserting in a responsive pleading affirmative defenses. And, um, there was no scheduling order about when to file any sort of answer. It was simply a motion to show cause, followed shortly thereafter by a request to dismiss the motion to show cause, and the court didn't even rule on whether or not the plaintiffs have met their prima facie case with respect to the show cause motion until the party's got to trial. Um, and it was at trial prior to the when the case had been submitted to the court for decision. Um, that the court asked the parties to submit proposed findings of fact conclusions of law. And so before this case was submitted for decision, the, you know, even if the court doesn't consider for the sake of argument that it was properly raised in the motion dismissed that was filed in response to the show cause. Uh, it was certainly submitted to the court before decision. The whole purpose of forfeiture is to preclude a party from raising an argument where the court, the district court and the opposing party didn't have the opportunity to respond to it in the first instance, and that absolutely occurred here. Both the district court and the opposing parties in this case had an opportunity to address, uh, the rule 65 D compliance argument before it was submitted for decision. It was just again on a motion to reconsider under Rule 59. And so it was adequately asserted and timely asserted in the district court we would submit. And so even under those circumstances, there's not a basis for finding forfeiture under in under the facts of this case. Um, and finally, you know, in closing, um, as Judge King noted at the beginning of the opening argument, um, the planets are not without a remedy. In this case, the class is not without a remedy. Um, there the court felt perfectly. This report felt perfectly comfortable ordering specific performance accompanied by an injunction. After the enforcement phase trial, it can certainly enter any other injunction believes is appropriate and the circumstances warrant. And I think it speaks volumes that the district court has now twice refused to enter that settlement agreement as an actual order in full signed by the court that the settlement agreement was initially presented to the judge with an endorsement line for Judge Moon. He did not sign that settlement agreement. And when the class asked Judge Moon to enter it as an order at the conclusion of the enforcement phase, he again declined to do so. Eso we believe that there's the class is not without some sort of remedy for enforcement of the provisions of settlement agreement. His judgment is made clear below on for all these reasons. Your honors, unless you have any further questions, we respectfully request that the order of the district court be affirmed. Thank you, Mr Nestor. Um, we appreciate it. Mr Howard, you've got some rebuttal time. Thank you, Judge King. Um, a couple of things. First of all, although, uh, I have to infer from the sincerity with which my opposing counsel keeps repeating the proposition that, um, they raised the rule 65 D noncompliance issue in their opposition to our motion for order to show cause, um, they did not. Um, and not only did they not do it, um, but the district court expressly found that they didn't do it. So, um, with all respect, that's a misrepresentation. Um, and it's doubly troubling because it's not only not true, um, but even if it was true and the district court made a mistake in saying that it wasn't true, they would be obligated to candidly and forthrightly address the district court's finding and say why it was wrong. And they didn't either. Instead, they have made, uh, this falsehood that they raised this, um, defense in their opposition to our motion for order to show cause a centerpiece of their position in this appeal. And I'm, I think it's very troubling that they have done so. Um, secondly, there was no waiver issue presented in any of the fourth circuit decisions that addressing Rule 65D compliance that preceded this case. Um, in each instance, as we pointed out in our briefing, um, the challenge on the basis of noncompliance with Rule 65D was made on direct appeal. Uh, and therefore, um, although those cases certainly say what they say and, and Judge Moon clearly regarded himself as bound by them, uh, we submit that all of those cases are distinguishable in the sense that, um, there was no direct appeal here in which Rule 65D noncompliance was the basis for the challenge. Judge Harris, did you have a... Oh, no, I'm sorry. No, sorry. Okay. And so what we are left with is a situation in which, and I agree with, um, with, with my counterpart, that we did in fact ask the district court at the conclusion of the enforcement phase proceedings to help us eliminate this problem going forward by simply incorporating all of the terms and a new injunctive order. Um, and Judge Moon declined to do that. Um, he didn't explain why he declined to do that. And I think it's speculation to assume that it was because he didn't regard the settlement agreement as injunctive in nature. I think it's equally plausible that he felt that, um, this court would either find that the 65D noncompliance issue was waived, in which case the settlement agreement would effectively take on the aspects of an injunctive order, or the court would adhere to its prior precedent, um, in which case there was no reason for him to take that step. Um, but I do believe that the court is by waiting until filing their post trial motion after months of discovery, um, a week of trial, uh, with regard to issues that would have been unnecessary if the motion to show cause that the VDOC should be held in contempt was barred from the get go. Um, and so it is significant that they waited until as the 65D compliance argument. Um, and with that, unless the court has any further questions, um, I yield the remainder of my time. Thank you, Mr. Howard. Um, we'll take, uh, well, I'll first say, uh, appreciate counsel's, we appreciate counsel's fine arguments in this case, and your assistance to us. We'll take your case under advisement. Uh, if we were in you and say that to you in person, maybe next year you'll be back and we'll all be able to get together. Um, and and Miss Madam Clerk, uh, we will adjourn court, uh, until tomorrow. Uh, and, uh, the court will go into contracts. Thank you very much, Your Honor. This honorable court stands adjourned until tomorrow morning. God save the United States in this honorable court.
judges: Robert B. King, Pamela A. Harris, Allison J. Rushing